IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| MEISTER DAIRY FARM, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> CROP PRODUCTION SERVICES, INC., *fka* UAP DISTRIBUTION, INC., <br><br> Defendant. | No. C10-4061-PAZ <br><br> **ORDER** |

This case commenced with the filling of a Petition in the Iowa District Court for Sac County on June 7, 2010. The plaintiff describes its case as one for "crop losses allegedly caused by Defendant's negligent custom application of herbicides." Doc. No. 11-1, p. 1. The plaintiff is an Iowa Domestic Limited Liability Company, and the defendant is a Delaware corporation. On June 30, 2010, the defendant removed the case to this court on the basis of diversity jurisdiction, citing the parties' citizenship in different states, and the defendant's claim that the amount in controversy exceeds the jurisdictional amount of $75,000. *See* Doc. No. 2.

The plaintiff now moves for remand, arguing that "the amount of its maximum claimed damages is $36,233.31," not including interest, and submitted supporting affidavits. Doc. No. 11, p. 1. The defendant resists, arguing the determination of the amount in controversy is made "at the time of removal." The defendant relies on the plaintiff's response to a request for admissions served in a prior state court case involving the same parties and claims. In the request, the plaintiff was asked to admit that the amount in controversy did not exceed the sum of $75,000, exclusive of interest and costs. The plaintiff denied the request, stating "Damages are $82,300." Doc. No. 13-2, p. 1. Because Iowa does not allow a party to plead specific damages, the plaintiff's state court Petition does not state an amount in controversy. Thus, the defendant claims, the only basis for determining the plaintiff's damages for purposes of diversity jurisdiction is the plaintiff's previous admission that its damages were $82,300.

There is no question that based on the information the defendant had at the time of removal, its decision to remove the case to federal court was objectively reasonable. However, the fact that the case was removed properly does not resolve the jurisdictional issue raised by the plaintiff's motion for remand. In *James Neff Kramper Family Farm Partnership v. IBP, Inc.*, 393 F.3d 828 (8th Cir. 2005), the court considered an identical argument by IBP, the party seeking to avoid remand. The court held, "Although our jurisdictional inquiry focuses on the claims made at the time of removal, such that certain subsequent events – for example, the dismissal of one or more claims or parties – do not divest us of jurisdiction, we still judge the legitimacy of the amount in controversy 'based on information known to the court at the time jurisdiction [is] challenged.'" *Id.*, 393 F.3d at 834.

On these facts, remand would be appropriate only "if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). The plaintiff now has sworn that its total damages, including interest, are $45,291.64. Doc. No. 11, p. 4. Thus, this court lacks subject matter jurisdiction, and the case should be remanded. *See* 28 U.S.C. § 1447(c); *see also Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) ("All doubts about federal jurisdiction should be resolved in favor of remand to state court."); *accord Usery v. Anadarko Petrol. Corp.*, 606 F.3d 1017, 1020 (8th Cir. 2010).

Accordingly, the plaintiff's motion for remand is **granted**. This case is hereby remanded to the Iowa District Court for Sac County.

**IT IS SO ORDERED.**

**DATED** this 30th day of September, 2010.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT